IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEUNTAE THOMAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. **3:22-CV-2144-L-BN** |
| | § | |
| **UNITED STATES POSTAL SERVICE,** | § | |
| **THOMAS J. MARSHALL, USPS** | § | |
| **CONSUMER AND INDUSTRY** | § | |
| **CONTACT OFFICE, and ALL** | § | |
| **UNKNOWN NAMED AGENTS OF USPS,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 11) was entered on October 5, 2022, recommending that the Complaint for Violation of Civil Rights ("Complaint") (Doc. 3) filed by pro se Plaintiff Deuntae Thomas ("Plaintiff") be dismissed. In the Complaint, Plaintiff brought claims under criminal and civil statutes against the United States Postal Service, United States agencies, and individual Defendants in both their official and individual capacities, seeking millions in damages for alleged mail-processing violations. Plaintiff did not file objections to the Report, and the time to do so has passed.

Having considered the Complaint, Report, file, and record in this case, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** the claims against the United States, its agencies, and its employees in their official capacities for lack of jurisdiction,

**Order – Page 1**

and **dismisses with prejudice** the civil claims for money damages against individual defendants in their individual capacities.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the magistrate judge's Report, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 31st day of October, 2022.

Sam A. Lindsay
United States District Judge

**Order – Page 2**